IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| KEITH GREGIE,<br><br>        Plaintiff,<br><br>    v.<br><br>FUTURE MOTION, INC., a Delaware Corporation.<br><br>        Defendant. | Civil Action No. _____<br><br>Honorable _____ |

## NOTICE OF REMOVAL

Defendant FUTURE MOTION, INC., a Delaware Corporation with its principal place of business in California ("Future Motion") submits this Notice of Removal of the civil action entitled *Keith Gregie v. Future Motion, Inc.,* Case No. 2021 L 0000672, from the Circuit Court of Lake County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In accordance with 28 U.S.C. § 1446(a) and (b), Future Motion provides the following basis supporting removal:

### BASIS OF REMOVAL AND RELEVANT BACKGROUND

1. Plaintiff Keith Gregie ("Plaintiff"), a citizen domiciled in Illinois, commenced this lawsuit on September 3, 2021, by filing a Complaint in the Circuit Court of Lake County, Illinois, entitled *Keith Gregie v. Future Motion, Inc. and Highland Park Bicycle Store LLC,* Case No. 2021 L 0000672 (the "State Court Action"). *(See* Plaintiff's Complaint at Law, attached as **Exhibit A**.*)*

2. Plaintiff alleged he was injured while operating a Onewheel Pint, a self-balancing, battery-powered, skateboard. Defendant Future Motion manufactured the

1

Onewheel Pint. Plaintiff alleges Counts I and II against Future Motion sounding in strict product liability and negligent product liability, respectively. (*See* generally, **Exhibit A**.)

3. Plaintiff claims his accident occurred on the same day and several hours after he purchased the Onewheel Pint from Highland Park Bicycle, an Illinois corporation with its principal place of business in Highland Park, Illinois. Plaintiff alleged Counts III and IV against Highland Park Bicycle, also sounding in strict product liability and negligent product liability, respectively. (*See* generally, **Exhibit A**.)

4. On October 26, 2021, Highland Park Bicycle filed a Motion to Dismiss Count III based on the Illinois Distributor Statute, 735 ILCS 5/2-621. (*See* the court file for the State Court Action, in chronological order, attached as **Exhibit B**)

5. On December 9, 2021, the Court dismissed Count III against Highland Park Bicycle without objection. (*See* December 9, 2021 Order, attached in **Exhibit B**.)

6. On May 6, 2022, Plaintiff, Keith Gregie, was presented for his deposition in the State Court Action. (*See* May 6, 2022 deposition of Keith Gregie, attached in **Exhibit B**.)

7. On July 15, 2022, Highland Park Bicycle filed its Motion for Summary Judgment seeking dismissal of the remaining Count IV (negligent product liability). Among other arguments, Highland Park Bicycle argued plaintiff lacked evidence to support the fundamental elements of duty and proximate cause for the remaining Count IV. (*See* Highland Park Bicycle's Motion for Summary Judgment and Statement of Material Facts, attached in **Exhibit B**.)

8. On August 2, 2022, the Motion for Summary Judgment was presented to the Court and a briefing schedule was set. (*See* August 2, 2022 order, attached in **Exhibit B**.)

9. On September 20, 2022, following full briefing of the motion and oral argument,

the Court granted Highland Park Bicycle's Motion for Summary Judgment, and dismissed the remaining count against Highland Park Bicycle, Count IV (negligent product liability). In granting summary judgment the Court found, *inter alia*, Plaintiff failed to file the required affidavit detailing the discovery required to respond to the summary judgment motion required by Illinois Supreme Court Rule 191. (*See* September 20, 2022 Order, attached in **Exhibit B**.)

10. As of September 20, 2022, Future Motion was the only defendant remaining in the State Court Action.

11. This removal is based on diversity jurisdiction under 28 U.S.C. § 1332. The United States District Court for the Northern District of Illinois, Eastern Division, has diversity jurisdiction over this action under 28 U.S.C. § 1332, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000, exclusive of interest and costs.

12. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely because it is filed within thirty (30) days of the action becoming removable following dismissal of the non-diverse defendant, Highland Park Bicycle, on September 20, 2022.

13. Pursuant to 28 U.S.C. § 1446(c)(1), removal is proper more than 1 year after commencement of the action because "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See* 28 U.S.C. § 1446(c)(1).

14. Sufficient evidence exists to find the Plaintiff named Highland Park Bicycle to prevent Future Motion from removing this action such that it constitutes bad faith as interpreted under 28 U.S.C. § 1446(c)(1).

15. Pursuant to 28 U.S.C. § 1446(a), copies of the following documents are attached

to the Notice of Removal:

    **Exhibit A**:  Plaintiff's Complaint at Law;

    **Exhibit B**:  A copy of the court file for the state court action, in chronological order;

    **Exhibit C**:  July 18, 2022 email correspondence; and,

    **Exhibit D**:  Notice of Filing Notice of Removal.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1441 AND THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

16. This case is a civil action of which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b) in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This Court's jurisdictional diversity requirement is satisfied because the suit is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

18. Plaintiff is a resident domiciled in Kendall County, Illinois, and is considered a citizen of the state of Illinois. (*See* **Exhibit A**, ¶ 1.)

19. Future Motion is a corporation incorporated and existing under the laws of Delaware, with its principal place of business in Santa Cruz, California. Accordingly, Future Motion is considered a citizen of Delaware and California under 28 U.S.C. § 1332. (*See* Future Motion Answer to Plaintiff's Complaint at Law, attached in **Exhibit B**.)

20. Complete diversity exists among the parties.

21. Dismissed defendant, Highland Park Bicycle, is an Illinois corporation with its principal place of business in Highland Park, Illinois. Highland Park Bicycle was considered

a citizen of Illinois under 28 U.S.C. § 1332. (*See* Answer of Highland Park Bicycle, attached in **Exhibit B**.)

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXLUSIVE OF INTEREST AND COSTS

22. Under 28 U.S.C. § 1446(c)(2)(A)(ii) the amount in controversy exceeds $75,000, exclusive of interests and costs. Plaintiff's Complaint seeks damages in excess of $75,000. (*See* **Exhibit A**, Compl. Count I ¶ 30, Count II ¶ 31, and Plaintiff's "Affidavit of Damages Pursuant to Supreme Court Rule 222(b).")

23. Plaintiff claims serious injuries and economic losses stemming from the accident, including $357,533.92 in medical bills, for "a right tibial plateau and deep vein thrombosis of the right ankle and calf, leading to the need to take blood thinners and to be on bed rest for 8 weeks. This injury required open reduction and internal fixation surgical repair with hardware and may require a second surgery to remove said hardware; all of which injuries, and the consequences of them, are permanent and have caused Plaintiff to incur economic damages in the form of past and future medical care and expenses, economic damages, and non-economic damages including, but not limited to, physical and mental pain and suffering, loss of normal life, disfigurement, disability, and inability to engage in activities apart from gainful employment." (*See* **Exhibit A**, Count I ¶ 30, Count II ¶ 31, Count III ¶ 29, Count IV ¶ 30; Plaintiff's Answer to Interrogatory 11, attached in **Exhibit B**.)

24. "[C]ourts have routinely held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceed the jurisdictional amount." See *McCoy by Webb v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) While Plaintiff's claimed pled damages exceed the $75,000, Future Motion does not concede that Plaintiff is entitled to damages at all. See *Sabrina Roppo v.*

*Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("A removing defendant need not confess liability in order to show that the controversy exceeds the threshold.").

### FUTURE MOTION HAS SATISFIED THE PROCEDURAL REQUIREMENTS UNDER 28 U.S.C. § 1446(c)

25. A defendant may remove an action more than 1 year after the commencement of the action where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." See *McVey v. Anaplan, Inc.*, 2020 WL 5253853 (N.D. Ill. Sept. 3, 2020) (discussing removal pursuant to 1446(c)(1) and sufficient evidence of bad faith); *Fiala v RMLS Hop Illinois, LLC, No.* 20-CV-4095, 2022 WL 159560 (N.D. Ill. January 18, 2022); *Henning v. Barranco*, No. 21-CV-1657, 2021 WL 5578767, at *2 (N.D. Ill. Nov. 30, 2021) (discussing bad faith generally); *De La Rosa v. Reliable, Inc.*, No. CIV 15-08283, 113 F. Supp. 3d 1135 (June 27, 2015); *Keller Logistics Grp., Inc. v. Navistar, Inc*., 391 F. Supp. 3d 774, 780 (N.D. Ohio 2019) (removal pursuant to 1446(c) where plaintiff was found to have acted in bad faith).

26. Assessing Plaintiff's subjective intent is one way which "bad faith" may conceivably be established under 28 U.S.C. § 1446(c) See *McVey* at p. 3 (discussing scenario of potential bad faith under 28 U.S.C. § 1446(c) "where a plaintiff maintains a viable claim against a non-diverse defendant, but subjectively has no intention of litigating that defendant and is instead solely try to circumvent removal.") Here, Plaintiff acted in "bad faith" as interpreted under 28 U.S.C. § 1446(c) by naming Highland Park Bicycle as a defendant in order to prevent Future Motion from removing the action. Plaintiff's failure to present *any evidence* in opposition to Summary Judgment indicates Plaintiff named Highland Park Bicycle solely to try to circumvent removal. (*See* Plaintiff's Response to Motion for Summary Judgment and Order granting Summary Judgment, **Exhibit B**.) Plaintiff did not file (or chose not to file due to the lack of evidence) the statutorily required affidavit under Illinois Supreme Court Rule 191. *Id*. Plaintiff

did not request a single deposition of Highland Park Bicycle for a year of litigation, even when faced with a pending Motion for Summary Judgment. Plaintiff's intent to avoid federal court can also be inferred from Plaintiff July 18, 2022, email in response to Highland Park Bicycle's Motion for Summary Judgment, stating "…*Also, if the Trek store [Highland Park Bicycle] is dismissed, are you going to try to move to Fed Ct.?"* (*See* **Exhibit C**.)

27. The equitable doctrine of fraudulent joinder is another way to establish "bad faith" under 28 U.S.C. § 1446(c). *McVey* at 3. Removal is proper under the fraudulent joinder doctrine when a plaintiff does not have a "reasonable possibility of success…after resolving all issues of fact and law in favor of the plaintiff…" *McVey* at 4 citing *Poulos v Naas Foods, Inc*. 959 F.2d 69, 73 (7th Cir. 1992). Here, for the reasons stated *supra*, the Plaintiff did not have a reasonable possibility of success against Highland Park Bicycle in either fact and law. The Court agreed when it granted summary judgment in favor of Highland Park Bicycle. Removal is proper because sufficient evidence is before the Court to establish fraudulent joinder as bad faith under 28 U.S.C. § 1446(c).

**THE NORTHERN DISTRICT OF ILLINOIS IS THE PROPER DISTRICT TO WHICH THIS CASE MAY BE REMOVED**

28. The United States District Court for the Northern District of Illinois embraces Lake County, Illinois, the county in which Plaintiff filed the State Court Action. This action is properly removed to the Northern District of Illinois under 28 U.S.C. §§ 93(a) and 1441(a).

29. Future Motion attaches to this removal petition the file for the State Court Action. Pursuant to 28 U.S.C. § 1446(a). *See* **Exhibit B**.

30. In compliance with 28 U.S.C. § 1446(d), Future Motion will promptly file written notice of this removal and a copy of the Notice of Removal with the Lake County clerk. *See* **Exhibit D**. Future Motion will also serve written notice of filing of this Notice of Removal on

counsel for the plaintiff.

31. By filing this notice of removal, Future Motion does not waive any rights, privileges, or defenses, and does not concede that this is an appropriate or convenient forum to resolve these claims.

WHEREFORE, Defendant, FUTURE MOTION, INC., respectfully submits this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the Northern District of Illinois from the Circuit Court of Lake County, Illinois, bearing number 2021L00000672.

Dated: October 7, 2022

Respectfully submitted,

*/s/ Michael A. McCaskey*
One of Attorneys for
Future Motion, Inc.

Michael A. McCaskey | MMcCaskey@smbtrials.com
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611
Telephone: (312) 321-8464
Attorney No. 6286828

I certify that on October 7, 2022, I emailed a copy of the foregoing document to all counsel of record in the State Court Action:

TO: Lowell McKelvey, McKelvey Kouzma Burke P.C., 1205 NW 25th Avenue, Portland, Oregon 97210; lowell@mckelveykozuma.com

Craig A. Hoffman, Ruberry, Stalmack & Garvey, LLC, 10 S. LaSalle St., Ste. 1800, Chicago, Illinois 60603; Craig.hoffman@ruberry-law.com

Kathleen Curtis, Nilan Johnson Lewis, 250 Marquette Avenue South, Suite 800, Minneapolis, Minnesota 55401 kcurtis@nilanjohnson.com