# **EXHIBIT A**

FILED
9/3/2021 8:35 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

KEITH GREGIE )
)
vs. )
)
FUTURE MOTION, INC., a Delaware Corporation and HIGHLAND PARK BICYCLE STORE LLC, sba TREK BICYCLE STORE OF H )

Gen No. 21L 00000672

## CERTIFICATE OF ATTORNEY – CIVIL DIVISION

1) Pursuant to Local Rule 2-2.01(c), I hereby certify that:

☒ There has been no previous Voluntary or Involuntary Dismissal of the subject matter of this litigation.

☒ There is no other litigation presently pending in the county involving these parties.

☐ There has been a previous Voluntary or Involuntary Dismissal of the subject matter of this litigation and at the time of dismissal that Case No. _____ was assigned to the
Honorable _____

☐ There is other litigation presently pending in the county involving the parties to or subject matter to this lawsuit and that case(s) is/are assigned Case No.(s)_____
which is/are assigned to the
Honorable _____

2) Are you seeking any injunctive relief?

☐ Yes - Select the appropriate case subtype under the Chancery-CH heading below.
☒ No - Select the appropriate non-Chancery case subtype below.

This data is being gathered for administrative purposes and will not be used for any other purpose.

**Arbitration – AR**
☐ Arbitration/Tort
☐ Arbitration/Contract
☐ Foreign Judgment
☐ Other subtype _____

**Chancery – CH**
☐ Residential Mortgage Foreclosure
☐ Residential Mortgage Foreclosure w/Mechanics Lien
☐ Non-Residential Mortgage Foreclosure
☐ Injunction
☐ Specific Performance
☐ Mechanics Lien Foreclosure
☐ Complaint for Rescission
☐ Partition
☐ Quiet Title
☐ Class Action
☐ Structured Settlement
☐ Foreign Judgment
☐ Other subtype _____

**Eminent Domain – ED**
☐ Eminent Domain
☐ Condemnation
☐ Other subtype _____

**Law Magistrate – LM**
☐ Eviction
☐ Eviction as result of mortgage foreclosure
☐ Replevin
☐ Detinue
☐ Distress for Rent
☐ Foreign Judgment
☐ Confirm Arbitrator's Award
☐ Confession of Judgment
☐ Other subtype _____

**Law – L**
☐ Tort
☐ Contract
☒ Product Liability
☐ Medical Malpractice
☐ Legal Malpractice
☐ Forcible Entry and Detainer
☐ Replevin
☐ Accounting Malpractice
☐ Foreign Judgment
☐ Confirm Arbitrator's Award
☐ Other subtype _____

**Municipal Corporation – MC**
☐ Annexation
☐ Disconnection
☐ Other subtype _____

**Miscellaneous Remedy – MR**
☐ Declaratory Judgment
☐ Corporation Dissolution
☐ Election Contest
☐ Mandamus
☐ Habeas Corpus
☐ Review of Administrative Proceeding/Statutory
☐ Review of Administrative Proceeding/Certiorari
☐ Quo Warranto
☐ Change of Name
☐ Forfeiture
☐ Fugitive from Justice
☐ Search Warrant
☐ Application for Eavesdropping Device
☐ Foreign Judgment
☐ Non-Attendance of Jurors
☐ Miscellaneous
☐ Other subtype _____

**Tax – TD**
☐ Deeds
☐ Other subtype _____

**Probate – P**
☐ Decedent/Testate > $15,000
☐ Decedent/Intestate > $15,000
☐ Decedent/Testate $15,000 or less
☐ Decedent/Intestate $15,000 or less
☐ Guardianship of Person/Disabled Person
☐ Guardianship of Estate/Disabled Person
☐ Guardianship of a Person and Estate/Disabled Person
☐ Guardianship of Person/Minor
☐ Guardianship of Estate/Minor
☐ Guardianship of Person and Estate/Minor
☐ Proof of Heirship Alone
☐ Foreign Judgment
☐ Other subtype _____

**Tax – TX**
☐ Objections
☐ Disposition of Collections of Judgment of Settlement
☐ Sale in Error
☐ Other subtype _____

Print Name Craig A. Hoffman

Signature _____
☒ Attorney ☐ Self-Represented Litigant

171-366 (Rev 7/18)

FILED
9/3/2021 8:35 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| KEITH GREGIE, <br><br> Plaintiff, <br><br> v. <br><br> FUTURE MOTION, INC., a Delaware Corporation; and HIGHLAND PARK BICYCLE STORE LLC, abn TREK BICYCLE STORE OF HIGHLAND PARK, an Illinois Corporation, <br><br> Defendants. | Case No.: 21L 00000672 |

NOW COMES the Plaintiff KEITH GREGIE, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, and complaining of the Defendants FUTURE MOTION, INC., a Delaware Corporation and HIGHLAND PARK BICYCLE STORE LLC abn TREK BICYCLE STORE OF HIGHLAND PARK, an Illinois Corporation, states as follows:

### COUNT I
### Strict Product Liability (Defendant Future Motion)

1. Plaintiff Keith Gregie ("Plaintiff") is a resident of Kendall County, Illinois.

2. Defendant Future Motion, Inc. ("Future Motion") is a Delaware corporation with its principal place of business in Santa Cruz, California.

3. Future Motion sells its products, including the Onewheel Pint ("Onewheel") at issue in this lawsuit, through the internet and at retail stores around the country, including in the City of Highland Park, County of Lake, State of Illinois.

4. Defendant Highland Park Bicycle Store LLC, abn Trek Bicycle Store of Highland Park ("Trek") is an Illinois Corporation with its principal place of business in the City of Highland Park, County of Lake, State of Illinois.

NOTICE
PURSUANT TO LCR - 2-2.14
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE
IN COURTROOM 202 ON
12-9-21 AT 9:00 A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR
AN ORDER OF DEFAULT BEING ENTERED.

5. Trek sells products, including the Onewheel at issue in this lawsuit, in the City of Highland Park, County of Lake, State of Illinois.

6. This Court has personal jurisdiction over defendants because defendant Future Motion transacts business within the State of Illinois, has availed itself of the privilege of conducting business activities within the State of Illinois, and engaged in business activities giving rise to this lawsuit within the State of Illinois and in the County of Lake.

7. Venue is proper in the County of Lake as Plaintiff purchased the Onewheel at issue from Trek located in the City of Highland Park, County of Lake, State of Illinois.

8. Future Motion is the designer, manufacturer and distributor of one-wheeled electric transports known as Onewheels, including the Onewheel at issue in this lawsuit.

9. Future Motion's product "Onewheel" is a self-balancing, battery-powered, one-wheeled electric transport often described as an electric skateboard.

10. The product was and is advertised, analyzed, assembled, designed, developed, distributed, formulated, inspected, labeled, manufactured, marketed, packed, produced, researched, sold, and tested by Future Motion.

11. On information and belief, Future Motion developed and designed not only the Onewheel product line but all the subsystems that power it, including battery modules, motors, power electronics, software, and smartphone applications.

12. On April 3, 2021, Plaintiff purchased a Onewheel Pint ("Onewheel") from Trek in Highland Park, Illinois. Plaintiff's Onewheel is serial number 2113238552.

13. On April 3, 2021, the same date he purchased the Onewheel, Plaintiff used the Onewheel on Prairieview Drive in Oswego, Illinois.

14. Plaintiff had reviewed and followed all the directions and warnings provided with the Onewheel.

15. Plaintiff's Onewheel was in "Redwood" riding mode, which was supposedly speed limited to 12 mph.

16. Plaintiff's Onewheel had at least half full battery level, and had been ridden less than 5 miles since purchase.

17. Plaintiff was riding his Onewheel when the Onewheel unexpectedly and without warning accelerated past 22 mph, began to "speed wobble," then shut down and "nosedived," causing Plaintiff to lose control and crash.

18. The crash caused Plaintiff to fall off the Onewheel and hit the ground, resulting in the injuries and damages set forth below.

19. Plaintiff had reviewed the warnings and instructions that came with the Onewheel, and in none of them was Plaintiff informed that the Redwood setting would accelerate past 12 mph to 22mph, without any "pushback" or other warning.

20. Plaintiff was unable to slow the Onewheel before it developed speed wobbles, shut down, nosedived and caused Plaintiff to crash.

21. At no time prior to Plaintiff's accident and injury was Plaintiff's Onewheel altered or damaged in any way.

22. Plaintiff's Onewheel was in essentially the same "as new" condition when it was sold to Plaintiff by Defendants Trek and/or Future Motion.

23. On April 3, 2021 and all times relevant hereto, Defendant had a duty to manufacture, sell and distribute products, including the Onewheel, that were safe for the public to use.

24. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, would not cause injuries and harm to the public, including the Plaintiff.

25. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, were supplied with clear and unambiguous instructions and diagrams with respect to usage.

26. On April 3, 2021 and all times relevant hereto, Defendant had a duty to warn the public, including the Plaintiff, of any problems, issues, potential harm, and any safety concerns with respect to its products, including the Onewheel.

27. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, were not defective or unreasonably dangerous when used in a reasonably foreseeable manner by the public, including the Plaintiff.

28. At all times mentioned, Plaintiff's Onewheel was defective and unreasonably dangerous in one or more of the following particulars:

   a) The design and manufacture of the Onewheel failed to comply with applicable design standards;

   b) The design and manufacture of the Onewheel was defective due to inadequate testing;

   c) The design and manufacture of the Onewheel failed under reasonably anticipated normal riding conditions;

   d) The Onewheel did not contain sufficient warnings to consumers, including Plaintiff, that the Onewheel could and would unexpectedly fail under normal riding conditions;

   e) The Onewheel failed to safely balance Plaintiff when being ridden in a manner that Defendants reasonably anticipated;

   f) The Onewheel accelerated past the 12 mph hour speed "limit" advertised in the Onewheel's materials, accelerating up to 22 mph and causing speed wobbles, a nosedive and a crash; and

g) The Onewheel could be made more safe by limiting its speed to the limits claimed in its manuals and instructions, by including an audio or other kind of warning to the rider that the battery level is running low, by including additional wheels or another mechanism to give the rider more time in the event of a shutdown and "nosedive," and by eliminating the condition that allows a rider to take one foot off the Onewheel while its motor is operating.

29. As a result of the above-referenced defects in the Onewheel, Plaintiff suffered injuries to the muscles, tendons, nerves, bones, and soft tissues of his right leg, right ankle and calf, including a right tibial plateau and deep vein thrombosis of the right ankle and calf, leading to the need to take blood thinners and to be on bed rest for 8 weeks. This injury required open reduction and internal fixation surgical repair with hardware and may require a second surgery to remove said hardware; all of which injuries, and the consequences of them, are permanent and have caused Plaintiff to incur economic damages in the form of past and future medical care and expenses, economic damages, and non-economic damages including, but not limited to, physical and mental pain and suffering, loss of normal life, disfigurement, disability, and inability to engage in activities apart from gainful employment.

30. Plaintiff's damages with respect to his injuries are in excess of $75,000.00, the minimal jurisdictional amount of this Court.

31. Plaintiff hereby demands a trial by jury.

32. Plaintiff's counsel has attached a certificate of merit from a qualified expert, labeled as Exhibit A, pursuant to 735 ILCS 5/2-623(a)(1), with respect to Defendant.

33. Plaintiff's counsel has attached an affidavit, labeled as Exhibit B, pursuant to 735 ILCS 5/2-623(a)(1), declaring that he has obtained the consultation as required by said statute.

WHEREFORE, the Plaintiff KEITH GREGIE, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, prays for damages and relief against the Defendant FUTURE MOTION, INC., a Delaware Corporation in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT II
### Negligence (Defendant Future Motion)

1-22. Plaintiff re-alleges paragraphs 1 through 22 of Count I as though fully set forth herein in this Count II.

23. It was reasonably foreseeable to Defendant Future Motion that Plaintiff would use the Onewheel as intended, yet the Onewheel would still fail and cause Plaintiff to fall and be injured due to Future Motion's negligence in designing, manufacturing, and testing the Onewheel.

24. On April 3, 2021 and all times relevant hereto, Defendant had a duty to manufacture, sell and distribute products, including the Onewheel, that were safe for the public to use.

25. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, would not cause injuries and harm to the public, including the Plaintiff.

26. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, were supplied with clear and unambiguous instructions and diagrams with respect to usage.

27. On April 3, 2021 and all times relevant hereto, Defendant had a duty to warn the public, including the Plaintiff, of any problems, issues, potential harm, and any safety concerns with respect to its products, including the Onewheel.

28. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, were not defective or unreasonably dangerous when used in a reasonably foreseeable manner by the public, including the Plaintiff.

29. Defendant Future Motion was negligent in designing, manufacturing, and testing the Onewheel in one or more of the following particulars:

a) Failing to adequately design and manufacture the Onewheel to comply with applicable design and manufacturing standards;

b) Failing to adequately test the Onewheel under reasonably foreseeable riding conditions before selling it to consumers;

c) Failing to provide sufficient warnings to consumers, including Plaintiff, that the Onewheel could unexpectedly accelerate past its advertised speed limit while under normal riding conditions; and

d) Failing to make the Onewheel more safe by limiting its speed to the limits claimed in its manuals and instructions, by including an audio or other kind of warning to the rider that the battery level is running low, by including additional wheels or another mechanism to give the rider more time in the event of a shutdown and "nosedive," and/or by eliminating the condition that allows a rider to take one foot off the Onewheel while its motor is operating.

30. As a result of the above-referenced defects in the Onewheel, Plaintiff suffered injuries to the muscles, tendons, nerves, bones, and soft tissues of his right leg, right ankle and calf, including a right tibial plateau and deep vein thrombosis of the right ankle and calf, leading to the need to take blood thinners and to be on bed rest for 8 weeks. This injury required open reduction and internal fixation surgical repair with hardware and may require a second surgery to remove said hardware; all of which injuries, and the consequences of them, are permanent and

have caused Plaintiff to incur economic damages in the form of past and future medical care and expenses, economic damages, and non-economic damages including, but not limited to, physical and mental pain and suffering, loss of normal life, disfigurement, disability, and inability to engage in activities apart from gainful employment.

31. Plaintiff's damages with respect to his injuries are in excess of $75,000.00, the minimal jurisdictional amount of this Court.

32. Plaintiff hereby demands a trial by jury.

WHEREFORE, the Plaintiff KEITH GREGIE, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, prays for damages and relief against the Defendant FUTURE MOTION, INC., a Delaware Corporation in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT III
### Strict Product Liability (Defendant Trek)

1-22. Plaintiff re-alleges paragraphs 1 through 22 of Count I as though fully set forth herein in this Count III.

23. On April 3, 2021 and all times relevant hereto, Defendant had a duty to sell and distribute products, including the Onewheel, that were safe for the public to use.

24. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, would not cause injuries and harm to the public, including the Plaintiff.

25. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, were supplied with clear and unambiguous instructions and diagrams with respect to usage.

26. On April 3, 2021 and all times relevant hereto, Defendant had a duty to warn the public, including the Plaintiff, of any problems, issues, potential harm, and any safety concerns

with respect to its products, including the Onewheel.

27. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, were not defective or unreasonably dangerous when used in a reasonably foreseeable manner by the public, including the Plaintiff.

28. At all times mentioned, Plaintiff's Onewheel was defective and unreasonably dangerous in one or more of the following particulars:

a) The design and manufacture of the Onewheel failed to comply with applicable design standards;

b) The design and manufacture of the Onewheel was defective due to inadequate testing;

c) The design and manufacture of the Onewheel failed under reasonably anticipated normal riding conditions;

d) The Onewheel did not contain sufficient warnings to consumers, including Plaintiff, that the Onewheel could and would unexpectedly fail under normal riding conditions;

e) The Onewheel failed to safely balance Plaintiff when being ridden in a manner that Defendants reasonably anticipated;

f) The Onewheel accelerated past the 12 mph hour speed "limit" advertised in the Onewheel's materials, accelerating up to 22 mph and causing speed wobbles, a nosedive and a crash; and

g) The Onewheel lacked a speed governor limiting its speed to the limits claimed in its manuals and instructions, lacked an audio or other kind of warning to the rider that the battery level is running low, lacked additional wheels or another mechanism to give the rider more time in the event of a shutdown and "nosedive," and lacked a mechanism to eliminate the condition that allows a rider to take one foot off the Onewheel while its motor is operating.

29. As a result of the above-referenced defects in the Onewheel, Plaintiff suffered injuries to the muscles, tendons, nerves, bones, and soft tissues of his right leg, right ankle and calf, including a right tibial plateau and deep vein thrombosis of the right ankle and calf, leading to the need to take blood thinners and to be on bed rest for 8 weeks. This injury required open reduction and internal fixation surgical repair with hardware and may require a second surgery to remove said hardware; all of which injuries, and the consequences of them, are permanent and have caused Plaintiff to incur economic damages in the form of past and future medical care and expenses, economic damages, and non-economic damages including, but not limited to, physical and mental pain and suffering, loss of normal life, disfigurement, disability, and inability to engage in activities apart from gainful employment.

30. Plaintiff's damages with respect to his injuries are in excess of $75,000.00, the minimal jurisdictional amount of this Court.

31. Plaintiff hereby demands a trial by jury.

32. Plaintiff's counsel has attached a certificate of merit from a qualified expert, labeled as Exhibit A, pursuant to 735 ILCS 5/2-623(a)(1), with respect to Defendant.

33. Plaintiff's counsel has attached an affidavit, labeled as Exhibit B, pursuant to 735 ILCS 5/2-623(a)(1), declaring that he has obtained the consultation as required by said statute.

WHEREFORE, the Plaintiff KEITH GREGIE, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, prays for damages and relief against the Defendant HIGHLAND PARK BICYCLE STORE LLC abn TREK BICYCLE STORE OF HIGHLAND PARK, an Illinois Corporation in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT IV
### Negligence (Defendant Trek)

1-22. Plaintiff re-alleges paragraphs 1 through 22 of Count III as though fully set forth herein in this Count IV.

23. It was reasonably foreseeable to Defendant Trek that Plaintiff would use the Onewheel as intended, yet the Onewheel would still fail and cause Plaintiff to fall and be injured due to Trek's negligence in selling and distributing the Onewheel.

24. On April 3, 2021 and all times relevant hereto, Defendant had a duty to sell and distribute products, including the Onewheel, that were safe for the public to use.

25. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, would not cause injuries and harm to the public, including the Plaintiff.

26. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, were supplied with clear and unambiguous instructions and diagrams with respect to usage.

27. On April 3, 2021 and all times relevant hereto, Defendant had a duty to warn the public, including the Plaintiff, of any problems, issues, potential harm, and any safety concerns with respect to its products, including the Onewheel.

28. On April 3, 2021 and all times relevant hereto, Defendant had a duty to ensure that its products, including the Onewheel, were not defective or unreasonably dangerous when used in a reasonably foreseeable manner by the public, including the Plaintiff.

29. Defendant Trek was negligent in selling and distributing the Onewheel in one or more of the following particulars:

   a) Failing to adequately test the Onewheel under reasonably foreseeable riding conditions before selling it to consumers;

   b) Failing to provide sufficient warnings to consumers, including Plaintiff, that the Onewheel could unexpectedly accelerate past its advertised speed limit while under normal riding conditions;

c) Failing to provide a speed governor limiting the Onewheel's speed to the limits claimed in its manuals and instructions;

d) Failing to provide an audio or other kind of warning to the rider that the battery level is running low;

e) Failing to provide additional wheels or another mechanism to give the rider more time in the event of a shutdown and "nosedive;" and

f) Failing to provide a mechanism to eliminate the condition that allows a rider to take one foot off the Onewheel while its motor is operating.

30. As a result of the above-referenced defects in the Onewheel, Plaintiff suffered injuries to the muscles, tendons, nerves, bones, and soft tissues of his right leg, right ankle and calf, including a right tibial plateau and deep vein thrombosis of the right ankle and calf, leading to the need to take blood thinners and to be on bed rest for 8 weeks. This injury required open reduction and internal fixation surgical repair with hardware and may require a second surgery to remove said hardware; all of which injuries, and the consequences of them, are permanent and have caused Plaintiff to incur economic damages in the form of past and future medical care and expenses, economic damages, and non-economic damages including, but not limited to, physical and mental pain and suffering, loss of normal life, disfigurement, disability, and inability to engage in activities apart from gainful employment.

31. Plaintiff's damages with respect to his injuries are in excess of $75,000.00, the minimal jurisdictional amount of this Court.

32. Plaintiff hereby demands a trial by jury.

WHEREFORE, the Plaintiff KEITH GREGIE, by and through his attorneys, RUBERRY, STALMACK & GARVEY, LLC, prays for damages and relief against the Defendant HIGHLAND

PARK BICYCLE STORE LLC abn TREK BICYCLE STORE OF HIGHLAND PARK, an Illinois Corporation in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

Respectfully submitted,

*[signature]*

One of the attorneys for Plaintiff

Craig A. Hoffman, Esq.
RUBERRY, STALMACK & GARVEY, LLC
10 S. LaSalle St., Suite 1800
Chicago, IL 60603
312-466-8050 tel.
312-466-8055 fax.
ARDC #: 6286416
Craig.hoffman@ruberry-law.com

## IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
## LAKE COUNTY, ILLINOIS

| | |
|---|---|
| KEITH GREGIE,<br><br>                Plaintiff,<br><br>v.<br><br>FUTURE MOTION, INC., a Delaware Corporation; and HIGHLAND PARK BICYCLE STORE LLC, abn TREK BICYCLE STORE OF HIGHLAND PARK, an Illinois Corporation,<br><br>                Defendants. | Case No.: |

### AFFIDAVIT OF DAMAGES PURSUANT TO SUPREME COURT RULE 222(b)

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney for the plaintiffs in the above titled cause of action seeking money damages and states that said cause of action:

    _____ DOES NOT EXCEED $75,000.00

    ____X____ DOES EXCEED $75,000.00

Under penalties as provided by law pursuant to Section 735 ILCS 5/1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

                                                              *[signature]*

                                                              One of the attorneys for Plaintiff

Craig A. Hoffman, Esq.
RUBERRY, STALMACK & GARVEY, LLC
10 S. LaSalle St., Suite 1800
Chicago, IL 60603
312-466-8050 tel.
312-466-8055 fax.
ARDC #: 6286416
Craig.hoffman@ruberry-law.com